### STILLE, Tutor, *v.* BEAUCHAMP, Tutor.

Where the appeal bond recites the judgment, and sets forth the fact that the appellant has taken a suspensive appeal from such judgment, and a blank is left for the amount to be filled up, it will be presumed that the blank was left in order to ascertain by calculation the amount fixed by law for a suspensive appeal, and the parties signing the bond will be bound for that amount.

APPEAL from the District Court of the Parish of St. Landry, *Martel*, J. *Swayze & Moore*, for plaintiff. *Lewis & Porter*, for defendant and appellant.

MERRICK, C. J. This suit is brought to recover of the defendants *in solido*, five hundred and ten dollars and legal interest upon the same, as sureties upon an appeal bond. The order of appeal was in the alternative, viz : that the appeal should be suspensive upon the defendant giving bond according to law, that it should be devolutive by giving bond in the sum of one hundred dollars. The bond was filled up except as to the amount which was left in blank. It recited the judgment, and that the appellant had taken a suspensive appeal to the Supreme Court from the same. And the condition was in the usual form, that *Anderson* should prosecute his appeal, &c.

When the transcript of appeal was made out, the Clerk erroneously copied the bond as having the blank filled with the sum of one hundred dollars, whereas it was not filled up with that sum or any other.

We are of the opinion, from the recital in the bond itself, that it was intended for a suspensive appeal, and that the blank was left in order to ascertain the amount thereof by a calculation which was necessary for that purpose. See case of *Mason* v. *Williams*, 12 An. 68.

The court did not err in setting aside the order for a trial by jury and placing the case on the court docket. Revised Statutes, p. 99, § 51.

Defendants further contend that, as *Anderson* was condemned to pay five-sixths

of the hire of the slaves from the fourth day of February, 1856, until he should
deliver them up according to law, they cannot be held responsible for the hire
after they are delivered up to the Sheriff.

We are of the opinion that this objection is well taken, and that the District
Court fell into an error in calculating the hire to the day of sale, instead of the
the day of delivery to the Sheriff. It is true, that after they were delivered to the
Sheriff, in order to save expense, he left them upon the plantation of *Anderson*,
but it was under an express agreement that he was not to be charged with their
keeping, nor *Anderson* with their hire, and that *Anderson* was to act for him as
his agent. The Sheriff having taken possession of the slaves and having ap-
pointed *Anderson* his keeper under a special contract, there cannot be any just
reason for charging *Anderson's* sureties for a period longer than that of the de-
livery of the slaves to the Sheriff, in satisfaction of the decree. *Courtney* v. *Hunt*,
5 An. 177.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower
court be amended so as to reduce the sum of sixteen hundred and twenty-eight
dollars and twenty-five cents, allowed plaintiff thereby, to fifteen hundred and
forty-five dollars and seventy-five cents, with the interest allowed by said decree,
and that the judgment so amended be affirmed, the plaintiff paying the costs of
the appeal.